# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BAMBA MAMADOU, <br><br> Plaintiff, <br><br> v. <br><br> KIRSTJEN NIELSEN, THOMAS HOMAN, and CRAIG GRONINGER, <br><br> Defendants. | Case No. 19-CV-263-JPS <br><br><br> **ORDER** |

Plaintiff Bamba Mamadou, who is incarcerated at Stanley Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's motion to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $11.94. 28 U.S.C. § 1915(b).

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink,* 126 F.3d 895, 900

(7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be

supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that in April 2018, Defendants issued a warrant for arrest of an alien, as well as an immigration detainer, against him while he was incarcerated in the Wisconsin Department of Corrections ("DOC"). (Docket #1 at 3). Plaintiff asserts that the warrant and detainer are not valid for two reasons. First, they were not served on him by an immigration officer as required by federal law. *Id.* Second, even if service was completed appropriately, Defendants lacked probable cause to issue the warrant and detainer. *Id.* at 3–4. Plaintiff states that he was granted asylum and therefore cannot be deported or removed. *Id.* at 4. Plaintiff complains that the immigration detainer is preventing him from entering a work release program that would allow him to be more quickly released from prison. *Id.* Plaintiff asks for declaratory and injunctive relief, namely that the warrant and detainer be declared unlawful and removed from him. *Id.* at 5.[1]

Plaintiff's claim is an unusual one, but it appears to the Court that it arises under the Fourth Amendment. Immigration warrants must be based on probable cause, just like any other warrant. *Morales v. Chadbourne*, 793 F.3d 208, 214–18 (1st Cir. 2015). It is unclear whether DOC officials were

---

[1]Plaintiff filed what he titled an "Amended Complaint" on March 1, 2019. (Docket #7). The Court informed him that the amended pleading was incomplete, and that he should file a new amended complaint if he wished to proceed on the allegations in the incomplete complaint. (Docket #8). Plaintiff never did this, and so the Court is left to screen only the original complaint.

authorized to serve the warrant. *See Tenorio-Serrano v. Driscoll*, 324 F. Supp. 3d 1053, 1064 (D. Ariz. 2018) (discussing agreements between state and federal officials concerning the performance of the duties of an immigration officer). In any event, if the warrant is for some reason invalid, Plaintiff's Fourth Amendment rights may have been violated.

The Court has many other concerns with the case. Does the state retain complete discretion to allow Plaintiff into the work release program, thereby undermining Plaintiff's assertion that the detainer is the only thing standing in his way? Is there an administrative complaint process that Plaintiff should have first engaged with to address his issues with the warrant and detainer before filing this lawsuit? Does qualified immunity apply? The Court will leave these and other matters to further development on a more complete record.

Further, the Court will allow Plaintiff to proceed only against Defendant Craig Groninger ("Groninger"). Because Plaintiff sues federal officials for violation of his Fourth Amendment rights, his claim arises under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Liability for constitutional violations under *Bivens* requires the personal involvement of the government official in question. *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994). Plaintiff does not allege that Defendants Kirstjen Nielsen (who is no longer the Secretary of the Department of Homeland Security, in any event) and Thomas Homan were involved in this case in anything more than a supervisory role. This is insufficient to state a claim against either of them. *McCree v. Sherrod*, 408 F. App'x 990, 993 (7th Cir. 2011).

Finally, the Court notes that Plaintiff previously filed a motion for a preliminary injunction and a temporary restraining order. (Docket #9). The

motion seeks the same injunctive relief that animates this entire case—quashing the warrant and removing the detainer. Motions for injunctive relief require substantial evidentiary showings and are rarely granted. *Knox v. Shearing*, 637 F. App'x 226, 228 (7th Cir. 2016). The Court finds that the record is underdeveloped and does not permit it to grant or deny the motion at this time. Plaintiff's only evidence in favor of the motion is an affidavit. (Docket #11). Without any corroborating documentary evidence, the Court cannot say that Plaintiff is entitled to the relief he seeks. It will, therefore, wait to address the motion until Groninger has been served with the complaint and has entered his appearance in the case. The Court directs that Groninger should file a response to the motion within fourteen days of his appearance in the case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Kirstjen Nielsen and Thomas Homan be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Defendant Craig Groninger pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma*

*pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that Defendant Craig Groninger shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that Defendant Craig Groninger shall respond to Plaintiff's motion for a preliminary injunction and a temporary restraining order (Docket #9) within fourteen days of entering his appearance in the case;

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the balance of the filing fee, $338.06, by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19th day of August, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge